UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENNIS BROWN, | CASE NO. C13-369 MJP |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND GRANTING DEFENDANTS' MOTION TO STRIKE |
| v. | |
| KATHARINE WESCOTT and JOHN DOE GOHRE, and their former marital community; and MILLERCOORS, LLC, a Delaware Limited Liability Corporation; | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion to strike Dr. Karl Goler, MD, and for discovery sanctions (Dkt. No. 51) and on Defendants' motion to strike Plaintiff's expert witnesses (Dkt. No. 49). The Court considered all responsive papers, and all relevant documents. The Court DENIES Plaintiff's motion, and GRANTS Defendants' motion, but provides Plaintiff an opportunity to cure the deficiencies in his expert witness disclosures.

1

**Background**

2   On June 28, 2010, Plaintiff Dennis Brown was injured in a car collision during the course

3 of his employment. (Dkt. No. 51 at 2.) Defendant Katherine Wescott, while driving for

4 Defendant Miller Coors, LLC, crashed her car into the rear of Brown's car. (Id.) Because Brown

5 was working at the time of the collision, a first party claim was opened with the Department of

6 Labor and Industries ("L&I") for time loss and medical payments. (Id.) As part of the L&I claim,

7 Brown underwent an independent medical evaluation ("IME"), scheduled through Sunrise

8 Medical Consultants, by Drs. Karl Goler, Timothy Daly, and Geoffrey Masci. (Id.)

9   Plaintiff filed this action against Defendants in King County Superior Court, and it was

10 removed to this Court on February 28, 2013. On September 25, 2013, Plaintiff served his "First

11 Amended Plaintiff's Fed. R. Civ. P. 26 Initial Disclosures – First Supplemental," on Defendants.

12 (Dkt. No. 51 at 3.) In this Document, Plaintiff disclosed Dr. Karl Goler, among others. (Dkt. No.

13 40-2 at 8.) Plaintiff also provided Defendants with a complete copy of his L&I file, including Dr.

14 Goler's report. (Dkt. No. 51 at 3.)

15   Plaintiff says he informed Sunrise Medical Consultants he intended to name the three

16 IME doctors in this case. (Dkt. No. 51 at 4.) On October 21, 2013, Plaintiff's counsel arranged

17 with Sunrise Medical Consultants to obtain Dr. Goler's curriculum vitae, testimony, and

18 schedule of fees to comply with the expert disclosure rule, and submitted his expert disclosures

19 to Defendants on October 21, 2013. (Id.) Meanwhile, on October 9, 2013, Defendants called

20 Machaon Medical Services to retain an expert neurosurgeon for this matter, and Machaon

21 returned the name of Dr. Goler. (Dkt. No. 53 at 2.) Machaon contacted Dr. Goler and confirmed

22 he had not been retained on this matter and was available to work as Defendants' expert without

23

24

ORDER DENYING PLAINTIFF'S MOTION TO
STRIKE AND GRANTING DEFENDANTS'
MOTION TO STRIKE- 2

1   conflict. (Id.) On October 21, 2013, Defendants produced an expert disclosure, for the first time

2   disclosing their intent to use Dr. Goler as their medical expert. (Dkt. No. 51 at 4.)

3       On October 25, 2013, Plaintiff submitted a motion to strike Dr. Goler and for discovery

4   sanctions against Defendants. (Dkt. No. 38.) Plaintiff withdrew the motion on November 14,

5   2013 in response to a discovery related stipulation entered into by the Parties. (Dkt. No. 47.) The

6   Parties stipulated, without seeking Court approval, to several conditions of discovery, including

7   Plaintiff's perpetuation of Houston, Daly, and Masci's testimony in lieu of live testimony. (Dkt.

8   No. 48.) The stipulation stated, "Defendants do not waive any objection as to admissibility of

9   testimony or any other evidentiary objections by virtue of agreement to taking of perpetuation

10  depositions." (Id. at 5.)

11      On November 20, 2013, Defendants filed a motion to strike Plaintiff's expert witnesses.

12  (Dkt. No. 49.) Plaintiff responded on the merits, but primarily argued Defendants waived their

13  procedural objections in the discovery stipulation which prompted him to withdraw his initial

14  motion to strike Defendants' use of Dr. Goler as an expert. (Dkt. No. 55 at 2.) Following

15  Defendants' motion to strike, Plaintiff renewed his motion to strike Dr. Goler. (Dkt. No. 51.)

16  Both motions are addressed below.

**Analysis**

17

18      I.      Plaintiff's Motion

19      Plaintiff relies on state law to argue Dr. Goler was Plaintiff's expert and Defendants

20  improperly made ex-parte contact. (Dkt. No. 51 at 6-7.) The state law is inapposite. Since the

21  decision in Erie R.R. v. Tompkins, 304 U.S. 64 (1938), federal courts in diversity cases apply

22  state substantive law and federal procedural law. Feldman v. Allstate Ins. Co., 322 F.3d 660, 666

23  (9th Cir. 2003). Generally, evidentiary rulings are procedural in nature, unless the state evidence

24

ORDER DENYING PLAINTIFF'S MOTION TO
STRIKE AND GRANTING DEFENDANTS'
MOTION TO STRIKE- 3

1   rules at issue are "intimately bound up" with the state's substantive law at issue. <u>Id</u>. The

2   discovery questions here are not intimately bound to the substantive law. Federal substantive law

3   governs, and the state law Plaintiff cites to support his argument does not apply.

4       Because Plaintiff never actually retained Dr. Goler, Defendants did nothing wrong in

5   making contact with Dr. Goler. Defendants did not waive their ability to object on procedural

6   grounds to Plaintiff's experts; in fact, in the stipulation Plaintiff relies upon Defendants

7   specifically reserve the right to object to admissibility, without limitation. (Dkt. No. 48 at 5.)

8   Plaintiff's motion to strike and for discovery sanctions is DENIED.

9       In a surreply, Defendants requested the Court strike section C of Plaintiff's reply brief,

10  which contained new arguments going to the substance of Dr. Goler's expert, which were not the

11  subject of Plaintiff's motion to strike. (Dkt. No. 62.) The Court GRANTS this motion and

12  STRIKES section C of Plaintiff's reply brief, Docket 61.

13      II.    Defendants' Motion

14      Defendants assert (1) the disclosures of Plaintiff's experts are inadequate; (2) Plaintiff

15  should be limited to one expert testifying as to the reasonableness and necessity of medical

16  treatment based on expertise in the fields of neurology and health care pursuant to Local Civil

17  Rule 43(j); and (3) the opinions of a "medical billing expert" must be excluded because there is

18  no connection between the data and this case and the conclusions of the expert, and Defendants

19  have admitted the cost of treatment was reasonable. (Dkt. No. 49 at 4.) As noted above,

20  Defendants did not waive these objections by stipulation, but instead reserved the right to object.

21      A.  Expert Disclosures

22      Upon review of Plaintiff's expert disclosures, the Court finds them deficient and

23  noncompliant with Fed. R. Civ. P. 26. When a treating physician is hired "to render expert

24

ORDER DENYING PLAINTIFF'S MOTION TO
STRIKE AND GRANTING DEFENDANTS'
MOTION TO STRIKE- 4

1  opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the

2  testimony must comply with Rule 26(a)(2)." <u>Goodman v. Staples the Office Superstore, LLC,</u>

3  644 F.3d 817, 820 (9th Cir. 2011). This rule requires written reports be disclosed for retained

4  experts. Fed. R. Civ. P. 26(a)(2). Plaintiff's cursory disclosure of Houston, which does not list

5  the facts or documents actually considered by Houston or other reasons for Houston's opinions

6  does not comply with the Federal Rules. Plaintiff's disclosures of Masci and Daly, which do not

7  contain a proper written report, are inadequate.

8       Defendant's motion to strike Plaintiff's experts is GRANTED, however, Plaintiff may

9  cure his inadequate disclosures within 14 days of this Order. Further, if Plaintiff files a new

10  expert disclosure for Dr. Houston, Defendants have 14 days from the date of that disclosure to

11  depose Dr. Houston if they wish to do so.

12       B.  Number of Experts Testifying to Medical Treatment based on IME

13       Plaintiff has disclosed doctors Daly and Masci as experts, stating each will testify

14  regarding the IME performed on Plaintiff. (Dkt. No. 54-1 at 69-70.) Pursuant to Local Rule 43(j),

15  Plaintiff may not call more than one expert witness on any one subject. Plaintiff cannot call

16  multiple L&I IME doctors to testify as to the reasonableness and necessity of medical care based

17  on the IME. Defendants' motion is GRANTED on this point. If Plaintiff chooses to submit new

18  expert disclosures within the time allowed by the Court, he must specify only one expert to

19  testify in this regard.

20       C.  Billing Expert

21       Defendants move to strike the disclosure of Karina Lee Vega and move to exclude her

22  opinions, arguing Vega's disclosure as a "medical billing" expert is insufficient and her report

23  stating she found Plaintiff's claims for past and future medical expenses reasonable provides no

24

ORDER DENYING PLAINTIFF'S MOTION TO
STRIKE AND GRANTING DEFENDANTS'
MOTION TO STRIKE- 5

1  basis for her conclusions. (Dkt. No. 49 at 11.) Expert testimony must, under the Federal Rules,

2  be based upon sufficient facts or data, be the product of reliable principles and methods, and

3  apply principles and methods reliably to the facts of the case. Fed. R. Evid. 702. The Court acts

4  as a gatekeeper to ensure the expert testimony "rests on a reliable foundation" and is relevant.

5  Newkirk v. Conagra Foods, Inc., 727 F. Supp. 2d 1006, 1014 (E.D. Wash. 2010), citing Daubert

6  v. Merrell Dow Pharms., Inc., 409 U.S. 579, 597 (1993). Here, the disclosure of Vega does not

7  provide a basis or methodology for her opinion. (Dkt. No. 54-1 at 70.) Further, Vega's testimony

8  is irrelevant because Defendants have stipulated to the reasonableness of medical charges. (Dkt.

9  No. 49 at 13.) Defendant's motion is GRANTED and Vega is stricken as an expert. Plaintiff may

10  not submit an amended disclosure as to Vega.

11                                          **Conclusion**

12        Based on the analysis above, the Court rules as follows:

13        1.  Plaintiff's motion to strike is DENIED, and Dr. Goler is Defendants' expert witness.

14        2.  Defendants' motion to strike is GRANTED. Plaintiff's expert disclosures are

15              inadequate and his experts are stricken, with leave to amend. Plaintiff has 14 days

16              from the date of this Order to submit expert disclosures compliant with the Fed. R.

17              Civ. P. 26.

18        3.  If Plaintiff submits a renewed disclosure for Dr. Houston, Defendants may depose Dr.

19              Houston within 14 days of the disclosure.

20        4.  Plaintiff is allowed only one IME expert witness. Plaintiff must name the expert

21              witness he wishes to use and make a disclosure pursuant to Fed. R. Civ. P. 26 within

22              14 days of the date of this Order.

23

24

ORDER DENYING PLAINTIFF'S MOTION TO
STRIKE AND GRANTING DEFENDANTS'
MOTION TO STRIKE- 6

5. Defendants' motion to strike Karina Lee Vega is GRANTED. Plaintiff may not submit an amended disclosure as to Vega.

6. The Parties shall note stipulations must be agreed to and signed by the Court. The Parties do not have the power to alter Court orders setting deadlines by entering into side agreements. All future stipulations must be submitted to the Court for approval.

7. Defendants are entitled to costs and attorneys fees for bringing their motion to strike, and may make application to the Court supporting their position with affidavits within 14 days of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 18th day of December, 2013.

Marsha J. Pechman
Chief United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO
STRIKE AND GRANTING DEFENDANTS'
MOTION TO STRIKE- 7